UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANGELO DOVE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:15 CV 275 |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Angelo Dove, a *pro se* prisoner, filed a habeas corpus petition (DE #5) challenging his plea of guilty but mentally ill and resulting 45-year sentence for voluntary manslaughter by the Lake Superior Court under cause number 45G02-0302-MR-2. The only ground raised by Dove is that his plea was not intelligently and voluntarily entered because trial counsel provided him with ineffective assistance when informing him "that there is no concrete difference between 'guilty but mentally ill' and 'not guilty by reason of insanity,' and due to those circumstances, it was better for Petitioner to take a plea than to go to trial with that verdict option in play." (DE #5 at 4.)

> The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Here petitioner . . . relies entirely on the claim that his plea was involuntary as a result of ineffective assistance of counsel because his attorney supplied him with information . . . that was erroneous. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation marks and citations omitted).

In considering Dove's claim, the court must presume the facts set forth by the state courts are correct unless rebutted by Dove with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, Dove raised this claim during his post-conviction relief proceeding and the Court of Appeals of Indiana found that "[t]rial counsel testified that he would have never told Dove that guilty, but mentally ill, and not guilty by reason of insanity were the exact same things." *Dove v. State*, 26 N.E. 3d 1075, *2 (Ind. Ct. App. 2015) (table) (quotation marks, brackets, ellipsis and citation omitted).

> Other than his own testimony, Dove presented no evidence that indicated he has been misinformed as to his plea. The post-conviction court found the testimony of trial counsel to be credible, and did not find Dove's testimony credible. After making this determination, the court concluded that Dove was not misled, and had failed to prove that his plea was not knowing, intelligent, and voluntary. Dove's contention on appeal that the facts differed from those found by the post-conviction court amounts to an invitation to reweigh the evidence and judge witness credibility, which we may not do.

*Id.* at *3 (quotation marks, brackets, and citations omitted).

Neither may this court reweigh the evidence. "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. \_\_, \_\_; 134 S. Ct. 10, 13 (2013) (quotation marks omitted). Here, Dove's trial counsel testified that he did not provide him with the false information that Dove claims he did. Because it was not clearly erroneous for the state courts to have accepted that statement as true, and because it was not clearly erroneous for the state

courts to have concluded that his counsel's advice was within the range of competence demanded of attorneys in criminal cases, Dove's habeas corpus petition must be denied. *See* 28 U.S.C. § 2254(d)(2).

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

**SO ORDERED.**

Date: July 29, 2015

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT